FILED
MAY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. EARL JANN AND CAROL ISACSON ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. No. 07-CV-6595 |
| ) | |
| MATTHEW D. SAMPLE, J. DAVID ) | Jury Trial Demanded |
| CROSS, and SAMPLE & CROSS CAPITAL ) | |
| MANAGEMENT, LLC, ) | Judge Ronald A. Guzman |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiffs, Dr. Earl Jann and Carol Isacson, by their attorneys, and for their Amended Complaint for breach of fiduciary duties, negligent misrepresentation, fraud, violations of the Consumer Fraud and Deceptive Business Practices Act, violations of the Illinois Securities Law 1953, against defendants Matthew D. Sample, J. David Cross and respondeat superior against Sample & Cross, Capital Management, LLC, state as follows:

Parties, Jurisdiction and Venue

1.      Plaintiff Dr. Earl Jann ("Jann") is a resident of Scottsdale, Arizona.   At all relevant times, defendants Matthew D. Sample and J. David Cross were Jann's investment advisors.

2.      Plaintiff Carol Isacson ("Isacson") is a resident of Scottsdale, Arizona.  At all relevant times, defendants Matthew D. Sample and J. David Cross were Isacson's investment advisors.

3.      Defendant Matthew D. Sample ("Sample") is the President of Sample & Cross Capital Management, LLC ("Sample & Cross Management") and, at all relevant times, resided in Mettawa, Illinois.   At all relevant times, Sample was a financial advisor and provided services in

1

that capacity to the plaintiffs.

4. Defendant J. David Cross ("Cross") is the Vice-President of Sample & Cross Management. At all relevant times, Cross was a financial advisor to the plaintiffs. At all relevant times, Cross resided in Highland Park, Illinois.

5. Sample & Cross Management is an Illinois limited liability company. At all relevant times, Sample & Cross Management maintained an office at 14655 Westwoods Lane, Mettawa, Illinois and/or 272 Deerpath Road, Lake Forest, Illinois. Sample & Cross Management is in the business, *inter alia*, of providing financial advisory services.

6. The Vega Opportunity Fund, LLC ("Vega Fund") is an Illinois limited liability company with an office in Lake Forest, Illinois. Vega is a private investment fund, commonly known as a "hedge fund," that issued limited liability interests to investors including the plaintiffs. Sample and Cross created and managed Vega beginning in or about April of 2006.

7. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a). The defendants and plaintiffs are citizens of different States and the amount in controversy exceeds $75,000.00. Personal jurisdiction exists because Sample and Cross reside in this district and do business in Illinois. Moreover, Sample & Cross Management is an Illinois limited liability company that does business in this judicial district. Venue is proper in this Court because the transactions complained of occurred in this judicial district and the defendants do continuous and systematic business in this judicial district.

Facts Common to All Counts

8. Earl Jann is a sixty-eight year old psychotherapist who recently retired in Scottsdale, Arizona.

9. Carol Isacson is a sixty year old who also recently retired in Scottsdale, Arizona.

10. Due to the facts and circumstances alleged in this complaint, Isacson and Jann have had to end their respective retirements.

11. Sample served as Jann's investment advisor for over ten years. Sample first provided such services while employed by Paine Webber, then UBS, and finally at Sample & Cross Management.

12. In his capacity as Jann's Investment Advisor, Sample, and later Cross, had full discretion to make trades and investments of Jann's assets without obtaining Jann's prior approval.

13. Sample and Jann developed a very close relationship and Jann extended a great amount of trust and confidence in Sample and, later, in Cross as well. In fact, Jann named Sample as the Executor of his Estate and Trustee of his life insurance trust.

14. Cross also served as an investment advisor for Jann. Cross provided such services for Jann in conjunction with Sample at UBS and most recently with Sample & Cross Management.

15. Sample and Cross served as Isacson's financial advisors for three years. In that capacity, Sample and Cross had full discretion to make trades and investments without Isacson's prior approval.

16. Sample and Cross started Vega in April 2006.

17. Vega is a hedge fund for which Sample and Cross served as the managers and made all investment decisions.

18. As the Managers of Vega, Sample and Cross received compensation based on a percentage of the total assets invested in the fund and a percentage of any profits that it generated.

19. From the inception of the fund through its closure in August 2007, Sample and Cross advised and encouraged Isacson and Jann to put all of their assets in Vega. Moreover, the defendants advised Jann that they had trading strategies in place to protect Jann against losing

more than five percent of his investment.

20. The defendants invested more than $2,000,000 of Jann's assets in Vega. In fact, the defendants invested eighty-one percent (81%) of Jann's assets in Vega.

21. At the time of her retirement, Isacson had assets of approximately $140,000.

22. Defendants invested approximately $108,000 of Isacson's assets in Vega, or approximately seventy-seven percent (77%) of Isacson's assets.

23. In April, 2007, the Vega Fund lost approximately 11.5% of its value.

24. In May 2007, Jann informed the defendants that neither he nor Isacson could tolerate risk or volatility any where near the amount of the April loss (the "May Meeting").

25. During the May Meeting, the defendants assured Jann that Vega was an appropriate investment for him and Isacson and that the trading strategies that the defendants had previously represented were in place to protect against upward and downward movement in the market, and would never be abandoned again. The defendants represented that their trading strategies protected against more than a five percent reduction in value.

26. After the May Meeting, defendants continued to inform both Jann and Isacson that Vega was a suitable investment for them.

27. Even after plaintiffs' May Meeting, defendants continued to encourage the plaintiffs to invest all of their assets in Vega.

28. In reliance on the defendants' advice, the plaintiffs' assets remained in the Vega Fund subsequent to the May Meeting.

29. In August 2007, the Vega Fund lost over seventy-five percent (75%) of its value.

30. The defendants admitted to the plaintiffs that they used bad judgment in losing over seventy-five percent (75%) of the Fund's value.

31. Defendants failed to implement the protective trading strategies that they claimed were in place.

32. Defendants failed to protect the Fund's assets against upward and downward movements in the market as they had represented to the plaintiffs they had done.

33. As a result of defendants' wrongful conduct, the plaintiffs lost more than 77% of their assets. Plaintiffs' combined losses are approximately $1,900,000.00.

### Count I – Breach of Fiduciary Duty
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

34. Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1 - 33 as if fully re-stated herein.

35. By virtue of their fiduciary relationships, defendants owed Jann and Isacson the fiduciary obligations of good faith, trust, loyalty, and due care and were required to use their utmost ability to mange and invest the plaintiffs' assets.

36. The defendants had complete discretion over the assets that they were managing for the plaintiffs. The plaintiffs compensated the defendants for their services.

37. As investment advisors handling a discretionary account, Sample and Cross owed fiduciary duties to the plaintiffs.

38. Defendants were required to exercise reasonable competence and skill when providing financial advisory services on the plaintiffs' behalf.

39. Sample and Cross breached their duty of care to Jann and Isacson by one or more of the following acts or omissions:

    a. failing to place the plaintiffs' assets in a suitable investment in light of their respective ages, retirement status, net worth and risk threshold;

    b. failing to properly diversify plaintiffs' assets by causing more than 75% of

5

      plaintiffs' respective assets to be invested in the Vega Fund;

  c. representing that they had protective trading strategies in place to protect the Vega Fund against upward and downward movements in the stock market;

  d. representing that their protective trading strategies would protect against a loss of more than five percent (5%); and

  e. failing to implement the protective trading strategies that they claimed were in place.

40. Sample and Cross' conduct breached the applicable standard of care.

41. Jann and Isacson incurred losses in reliance on the defendants' financial advice. The plaintiffs would not have incurred such losses had the defendants not breached the standard of care.

42. The defendants' breach of their duty of care was a proximate cause of the plaintiffs' respective damages.

43. Earl Jann has suffered actual damages as a result of the defendants' breach of their duty of care in an amount well in excess of one million eight hundred thousand dollars ($1,800,000.00).

44. Carol Isacson has suffered actual damages as a result of the defendants' breach of their duty of care in an amount in excess of eighty-three thousand dollars ($83,000.00).

WHEREFORE, plaintiffs Earl Jann and Carol Isacson pray that judgment be entered on their behalf and against Matthew D. Sample and J. David Cross in an amount to be proven at trial, plus interest and costs, and that the Court award them any further relief that it deems just.

**Count II – Negligent Misrepresentation**
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

45.     Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1 - 33 as if fully re-stated herein.

46.     Defendants had a duty to communicate accurate information to the plaintiffs. The defendants had a duty to exercise competence, reasonable care, and skill when rendering their services.

47.     Sample and Cross made the following representations to Isacson and Jann between April 2006 and August of 2007:

    a.  the Vega Fund was a suitable investment for them;

    b.  the defendants had implemented and were using trading strategies to protect the Vega Fund against upward and downward movements and volatility;

    c.  the Vega Fund was an appropriate investment for fixed income, risk adverse investors; and

    d.  their trading strategies would protect the Vega Fund from suffering a loss of greater than five percent (5%) of its value.

48.     All of the aforementioned representations were false.

49.     Sample and Cross made the aforementioned statements with carelessness and/or negligence in ascertaining the truth or falsity of the statements. If the defendants had exercised reasonable care, they would have learned that the statements were false.

50.     The statements were made with the intent to induce the plaintiffs to act.

51.     Jann and Isacson reasonably relied upon the aforementioned statements and allowed the defendants to maintain control and discretion of their assets in reliance on the same.

52.     Jann and Isacson were damaged in excess of $1,900,000 as a direct and proximate result of their reliance.

WHEREFORE, plaintiffs, Dr. Earl Jann and Carol Isacson, request that this Honorable

Court enter judgment against the defendants, Matthew D. Sample and J. David Cross, in an amount which will fairly and adequately compensate them, plus interest, costs and any other additional relief the Court deems just.

### Count III – Fraud
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

53.    Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1 - 33 as if fully re-stated herein.

54.    After the Vega Fund lost approximately 11.5% of its value in April 2007, Jann met with the defendants to discuss the plaintiffs' continued participation in the Vega Fund. Jann explicitly informed the defendants that neither he nor Isacson could risk their respective nest eggs and could not tolerate the volatility that the Fund had experienced in the prior month.

55.    Defendants Cross and Sample represented to Jann that previously agreed upon trading strategies intended to protect against volatility were in place, and that those protective trading strategies would never be breached again.  Cross and Sample represented that the Vega Fund was appropriate for the plaintiffs even after hearing of plaintiffs' concerns regarding the volatility experienced in April 2007.

56.    Each of the aforementioned representations set forth in paragraph 55 were false.

57.    The defendants made the aforementioned statements with reckless disregard of the truth or falsity of said statements.

58.    The statements were made with the intent to induce the plaintiffs to invest with Cross and Sample and to invest in the Vega Fund.  Defendants experienced a direct economic benefit by virtue of the plaintiffs' funds being placed and maintained in the Vega Fund.

59.    The plaintiffs reasonably relied upon the aforementioned statements and invested

substantial sums of money with the defendants in reliance on the same.

60.     The plaintiffs were damaged in an amount in excess of $1,900,000 as a direct and proximate result of their reliance on the defendants' statements.

WHEREFORE, plaintiffs, Dr. Earl Jann and Carol Isacson, request that this Honorable Court enter judgment against the defendants, in an amount which will fairly and adequately compensate them, award them punitive damages, plus costs and any other additional relief the Court deems just.

### Count IV – Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

61.     Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1 - 33, 47, and 54-59 as if fully re-stated herein.

62.     Illinois has enacted The Consumer Fraud and Deceptive Business Practices Act, codified at 815 ILCS 505/1 et seq. (the "Consumer Fraud Act"), which, in relevant part, provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 (815 ILCS 510/2), in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

63.     Under Section 2 of the Consumer Fraud Act, Sample and Cross committed deceptive acts and practices including the misrepresentation, concealment, suppression and/or omission of material facts as set forth in paragraph 47 and elsewhere in this complaint.

64.     Defendants represented, *inter alia*, that the Vega Fund was a suitable investment

for Jann and Isacson and that they had trading strategies in place that would limit the volatility of their respective investments in the Vega Fund. In fact, defendants advised the plaintiffs that the trading strategies would prevent a loss of more than 5%.

65. Defendants made the subject statements with the intent that the plaintiffs rely on their assertions and invest funds in the Vega Fund.

66. Had plaintiffs known the falsity of defendants' representations, they would have acted in a different manner in that they would not have invested in the Vega Fund, and/or maintained their investments in the Vega Fund after April 2007.

67. The deception occurred in the course of conduct involving trade or commerce.

68. Plaintiffs are entitled to statutory attorneys fees and punitive damages under the Act.

69. As a direct and proximate result of defendants' aforementioned violations of the Consumer Fraud Act, plaintiffs sustained damages in excess of $1,900,000. Isacson suffered damages in an amount in excess of $83,000 and Jann suffered damages in an amount in excess of $1,800,000.

WHEREFORE, plaintiffs, Dr. Earl Jann and Carol Isacson, request that this Honorable Court enter judgment against the defendants, Matthew D. Sample and J. David Cross, in an amount which will fairly and adequately compensate them, plus interest, attorney's fees, costs and any other additional relief the Court deems just.

### V.   Count - Respondeat Superior
(Earl Jann and Carol Isacson v. Sample & Cross Capital Management LLC)

70. The allegations of paragraphs 1 through 68 are incorporated as if fully restated herein.

71. At all relevant times Sample and Cross were officers of Sample & Cross Management.

72. At all relevant times Sample and Cross were acting on behalf of and in furtherance of the interests of Sample & Cross Management.

73. Sample & Cross Management received compensation for the financial advisory services that are the subject of this suit.

74. The provision of financial advisory services created the opportunity for the misconduct of the defendants.

75. Sample & Cross Management is liable for the acts of its officers and principals taken in the scope of their employment.

WHEREFORE, plaintiffs, Dr. Earl Jann and Carol Isacson, request that this Honorable Court enter judgment against the defendants, Sample & Cross Capital Management, LLC, in an amount which will fairly and adequately compensate them, plus interest, costs and any other additional relief the Court deems just.

## COUNT VI
### Violation of Illinois Securities Law
### (Against all defendants)

76. Plaintiffs restate and re-allege paragraphs 1 through 33 and 47 as though fully restated herein.

77. Plaintiffs bring this count under the Illinois Securities Law of 1953, 815 ILCS 5/12.

78. In May 2007, defendants advised the plaintiffs that they would employ certain protective trading strategies that would safe guard the plaintiffs against losses of the type that the Vega Fund experienced in April 2007.   While the defendants had previously claimed that such trading strategies were in place, in May 2007 they admitted to Earl Jann that they had failed to

11

employ such strategies in April, but claimed that they would not fail to do so again.

79.     Based on the defendants' representations, the plaintiffs maintained their investments in the Vega Fund.

80.     The defendants' representations were false as they misrepresented their trading practices and the risk going forward.

81.     The Vega Fund lost over 75% of its value in August 2007.

82.     The defendants' misrepresentations constitute a device, scheme or artifice to defraud in connection with the sale or purchase of a security.

83.     The defendants continued to control and earn management fees from the plaintiffs' funds by means of their misleading statements of material fact.

84.     Defendants intended that the plaintiffs rely on the misrepresentations and omissions in or order to induce the plaintiffs to maintain their current investments and to invest more monies in the Vega Fund.

85.     At all relevant times, the defendants acted as the plaintiffs' investment adviser(s) or investment adviser representative(s).

86.     The defendants engaged in an act, practice and/or course of business which was fraudulent or deceptive.

87.     The plaintiffs reasonably and justifiably relied on the defendants' representations. The defendants served as the plaintiffs' investment advisors.   Mathew Sample had served as Earl Jann's investment adviser for ten years.

88.     The defendants' conduct was a proximate cause of the plaintiffs' substantial losses.

89.     The defendants are joint and severally liable to the plaintiffs pursuant to 815 ILCS 5/13.

90.     The plaintiffs sent notice to the defendants pursuant to the Illinois Securities Law that they wish to rescind any purchases or investments they made in Vega.

WHEREFORE, plaintiffs, Dr. Earl Jann and Carol Isacson, request that this Honorable Court enter judgment against Defendants Matthew Sample, J. David Cross and Sample & Cross Capital Management, LLC, in an amount which will fairly and adequately compensate them, punitive damages, 10% annual interest pursuant to 815 ILCS 5/13(A); attorneys fees, costs and any other additional relief the Court deems just.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by jury.

Respectfully submitted,

Dr. Earl Jann and Carol Isacson,


By: s/mkatten
   One of their Attorneys


Mitchell B. Katten
Katten & Temple, LLP
542 S. Dearborn, Suite 1310
Chicago, Illinois 60605
(312) 663-0800