IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. EARL JANN AND CAROL ISACSON, | |
| Plaintiffs, | |
| v. | No. 07-CV-6595 |
| MATTHEW D. SAMPLE, J. DAVID CROSS and SAMPLE & CROSS CAPITAL MANAGEMENT, LLC, | Judge Ronald A. Guzman |
| Defendants. | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, Matthew D. Sample ("Sample"), J. David Cross ("Cross") and Sample &

Cross Capital Management LLC ("Sample & Cross Management"), (collectively "Defendants"),

by their attorneys, Vedder Price P.C., answer Plaintiffs' Amended Complaint as follows:

### Parties, Jurisdiction and Venue

**ALLEGATION NO. 1:**

Plaintiff Dr. Earl Jann ("Jann") is a resident of Scottsdale, Arizona.  At all relevant times, defendants Matthew D. Sample and J. David Cross were Jann's investment advisors.

**ANSWER:**

Defendants admit that Jann is a resident of Scottsdale, Arizona.  Defendants deny the

remaining allegations of paragraph 1 of the Amended Complaint.

**ALLEGATION NO. 2:**

Plaintiff Carol Isacson ("Isacson") is a resident of Scottsdale, Arizona.  At all relevant times, defendants Matthew D. Sample and J. David Cross were Isacson's investment advisors.

**ANSWER:**

Defendants admit that Isacson is a resident of Scottsdale, Arizona.  Defendants deny the

remaining allegations of paragraph 2 of the Amended Complaint.

**ALLEGATION NO. 3:**

Defendant Matthew D. Sample ("Sample") is the President of Sample & Cross Capital
Management, LLC ("Sample & Cross Management") and, at all relevant times, resided in
Mettawa, Illinois.  At all relevant times, Sample was a financial advisor and provided services in
that capacity to the plaintiffs.

**ANSWER:**

Defendants admit that Sample is the Manager of Sample & Cross Management and that

at all relevant times, Sample resided in Mettawa, Illinois.  Defendants deny the remaining

allegations of paragraph 3 of the Amended Complaint.

**ALLEGATION NO. 4:**

Defendant  J. David Cross  ("Cross")  is the  Vice-President  of  Sample &  Cross
Management.  At all relevant times, Cross was a financial advisor to the plaintiffs.  At all
relevant times, Cross resided in Highland Park, Illinois.

**ANSWER:**

Defendants admit that Cross previously was a Manager of Sample & Cross Management

and that Cross at all relevant times resided in Highland Park, Illinois.  Defendants deny the

remaining allegations of paragraph 4 of the Amended Complaint.

**ALLEGATION NO. 5:**

Sample & Cross Management is an Illinois limited liability company.  At all relevant
times, Sample & Cross Management maintained an office at 14655 Westwoods Lane, Mettawa,
Illinois and/or 272 Deerpath Road, Lake Forest, Illinois.  Sample & Cross Management is in the
business, *inter alia*, of providing financial advisory services.

**ANSWER:**

Defendants admit that Sample & Cross Management was an Illinois limited liability

company that previously maintained an office at 14655 Westwoods Lane, Mettawa, Illinois

CHICAGO/#1792163.1

and/or 272 Deerpath Road, Lake Forest, Illinois, and that Sample & Cross Management was in the business of providing investment advisory services. Defendants deny the remaining allegations of paragraph 5 of the Amended Complaint.

**ALLEGATION NO. 6:**

The Vega Opportunity Fund, LLC ("Vega Fund") is an Illinois limited liability company with an office in Lake Forest, Illinois. Vega is a private investment fund, commonly known as a "hedge fund," that issued limited liability interests to investors including the plaintiffs. Sample and Cross created and managed Vega beginning in or about April of 2006.

**ANSWER:**

Defendants admit that the Vega Fund is an Illinois limited liability company that previously maintained an office in Lake Forest, Illinois. Defendants further admit that Vega was a private investment fund that issued limited liability company units to investors, including the plaintiffs. Defendants deny the remaining allegations of paragraph 6 of the Amended Complaint.

**ALLEGATION NO. 7:**

Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a). The defendants and plaintiffs are citizens of different States and the amount in controversy exceeds $75,000.00. Personal jurisdiction exists because Sample and Cross reside in this district and do business in Illinois. Moreover, Sample & Cross Management is an Illinois limited liability company that does business in this judicial district. Venue is proper in this Court because the transactions complained of occurred in this judicial district and the defendants do continuous and systematic business in this judicial district.

**ANSWER:**

Defendants deny that Sample and Cross do continuous and systematic business in this judicial district. Defendants admit the remaining allegations of paragraph 7 of the Amended Complaint.

## Facts Common to All Counts

**ALLEGATION NO. 8:**

Earl Jann is a sixty-eight year old psychotherapist who recently retired in Scottsdale, Arizona.

**ANSWER:**

Defendants admit that Jann resides in Scottsdale, Arizona. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Amended Complaint.

**ALLEGATION NO. 9:**

Carol Isacson is a sixty year old who also recently retired in Scottsdale, Arizona.

**ANSWER:**

Defendants admit that Isacson resides in Scottsdale, Arizona. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Amended Complaint.

**ALLEGATION NO. 10:**

Due to the facts and circumstances alleged in this complaint, Isacson and Jann have had to end their respective retirements.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint.

**ALLEGATION NO. 11:**

Sample served as Jann's investment advisor for over ten years. Sample first provided such services while employed by Paine Webber, then UBS, and finally at Sample & Cross Management.

**ANSWER:**

Defendants admit that Sample provided certain financial advisory services to Jann first as an employee of Paine Webber and then as an employee of UBS for a period of approximately eight years. Defendants deny the remaining allegations of paragraph 11 of the Amended Complaint.

CHICAGO/#1792163.1

**ALLEGATION NO. 12:**

In his capacity as Jann's Investment Advisor, Sample, and later Cross, had full discretion to make trades and investments of Jann's assets without obtaining Jann's prior approval.

**ANSWER:**

Defendants deny the allegations of paragraph 12 of the Amended Complaint.

**ALLEGATION NO. 13:**

Sample and Jann developed a very close relationship and Jann extended a great amount of trust and confidence in Sample and, later, in Cross as well. In fact, Jann named Sample as the Executor of his Estate and Trustee of his life insurance trust.

**ANSWER:**

Defendants admit that Sample was named the Executor of Jann's Estate and Trustee of

his life insurance trust. Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of paragraph 13 of the Amended Complaint.

**ALLEGATION NO. 14:**

Cross also served as an investment advisor for Jann. Cross provided such services for Jann in conjunction with Sample at UBS and most recently with Sample & Cross Management.

**ANSWER:**

Defendants admit that Cross provided certain financial services to Jann as an employee of

UBS. Defendants deny the remaining allegations of paragraph 14 of the Amended Complaint.

**ALLEGATION NO. 15:**

Sample and Cross served as Isacson's financial advisors for three years. In that capacity, Sample and Cross had full discretion to make trades and investments without Isacson's prior approval.

**ANSWER:**

Defendants deny the allegations of paragraph 15 of the Amended Complaint.

**ALLEGATION NO. 16:**

Sample and Cross started Vega in April 2006.

**ANSWER:**

Defendants admit that Sample and Cross created and incorporated the Vega Fund in April 2006.

**ALLEGATION NO. 17:**

Vega is a hedge fund for which Sample and Cross served as the managers and made all investment decisions.

**ANSWER:**

Defendants admit that Sample and Cross in their capacity as managers of Sample & Cross Management made investment decisions for the Vega Fund. Defendants deny the remaining allegations of paragraph 17 of the Amended Complaint.

**ALLEGATION NO. 18:**

As the Managers of Vega, Sample and Cross received compensation based on a percentage of the total assets invested in the fund and a percentage of any profits that it generated.

**ANSWER:**

Defendants admit that Sample & Cross Management was entitled to compensation in exchange for services it provided in management the funds invested in the Vega Fund. Defendants further admit that as managers of Vega, Sample and Cross were also entitled to compensation in exchange for services they provided on behalf of Sample & Cross Management. Defendants deny the remaining allegations of paragraph 18 of the Amended Complaint.

**ALLEGATION NO. 19:**

From the inception of the fund through its closure in August 2007, Sample and Cross advised and encouraged Isacson and Jann to put all of their assets in Vega. Moreover, the defendants advised Jann that they had trading strategies in place to protect Jann against losing more than five percent of his investment.

**ANSWER:**

Defendants deny the allegations of paragraph 19 of the Amended Complaint.

- 6 -

**ALLEGATION NO. 20:**

The defendants invested more than $2,000,000 of Jann's assets in Vega.  In fact, the defendants invested eighty-one percent (81%) of Jann's assets in Vega.

**ANSWER:**

Defendants deny the allegations of paragraph 20 of the Amended Complaint.

**ALLEGATION NO. 21:**

At the time of her retirement, Isacson had assets of approximately $140,000.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint.

**ALLEGATION NO. 22:**

Defendants invested approximately $108,000 of Isacson's assets in Vega, or approximately seventy-seven percent (77%) of Isacson's assets.

**ANSWER:**

Defendants deny the allegations of paragraph 22 of the Amended Complaint.

**ALLEGATION NO. 23:**

In April, 2007, the Vega Fund lost approximately 11.5% of its value.

**ANSWER:**

Defendants admit the allegations of paragraph 23 of the Amended Complaint.

**ALLEGATION NO. 24:**

In May 2007, Jann informed the defendants that neither he nor Isacson could tolerate risk or volatility any where near the amount of the April loss (the "May Meeting").

**ANSWER:**

Defendants deny the allegations of paragraph 24 of the Amended Complaint.

CHICAGO/#1792163.1

**ALLEGATION NO. 25:**

During the May Meeting, the defendants assured Jann that Vega was an appropriate investment for him and Isacson and that the trading strategies that the defendants had previously represented were in place to protect against upward and downward movement in the market, and would never be abandoned again. The defendants represented that their trading strategies protected against more than a five percent reduction in value.

**ANSWER:**

Defendants deny the allegations of paragraph 25 of the Amended Complaint.

**ALLEGATION NO. 26:**

After the May Meeting, defendants continued to inform both Jann and Isacson that Vega was a suitable investment for them.

**ANSWER:**

Defendants deny the allegations of paragraph 26 of the Amended Complaint.

**ALLEGATION NO. 27:**

Even after plaintiffs' May Meeting, defendants continued to encourage the plaintiffs to invest all of their assets in Vega.

**ANSWER:**

Defendants deny the allegations of paragraph 27 of the Amended Complaint.

**ALLEGATION NO. 28:**

In reliance on the defendants' advice, the plaintiffs' assets remained in the Vega Fund subsequent to the May Meeting.

**ANSWER:**

Defendants admit that certain of plaintiffs' assets remained in the Vega Fund subsequent to April 2007. Defendants deny the remaining allegations of paragraph 28 of the Amended Complaint.

**ALLEGATION NO. 29:**

In August 2007, the Vega Fund lost over seventy-five percent (75%) of its value.

**ANSWER:**

Defendants admit the allegations of paragraph 29 of the Amended Complaint.

**ALLEGATION NO. 30:**

The defendants admitted to the plaintiffs that they used bad judgment in losing over seventy-five percent (75%) of the Fund's value.

**ANSWER:**

Defendants deny the allegations of paragraph 30 of the Amended Complaint.

**ALLEGATION NO. 31:**

Defendants failed to implement the protective trading strategies that they claimed were in place.

**ANSWER:**

Defendants deny the allegations of paragraph 31 of the Amended Complaint.

**ALLEGATION NO. 32:**

Defendants failed to protect the Fund's assets against upward and downward movements in the market as they had represented to the plaintiffs they had done.

**ANSWER:**

Defendants deny the allegations of paragraph 32 of the Amended Complaint.

**ALLEGATION NO. 33:**

As a result of defendants' wrongful conduct, the plaintiffs lost more than 77% of their assets. Plaintiffs' combined losses are approximately $1,900,000.00.

**ANSWER:**

Defendants deny the allegations of paragraph 33 of the Amended Complaint.

**Count I – Breach of Fiduciary Duty**
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

**ALLEGATION NO. 34:**

Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1-33 as if fully re-stated herein.

CHICAGO/#1792163.1

**ANSWER:**

Defendants incorporate by reference, as if each was set forth in full, their responses to paragraphs 1-33 of the Amended Complaint.

**ALLEGATION NO. 35:**

By virtue of their fiduciary relationships, defendants owed Jann and Isacson the fiduciary obligations of good faith, trust, loyalty, and due care and were required to use their utmost ability to mange and invest the plaintiffs' assets.

**ANSWER:**

Defendants admit that Sample & Cross Management, by virtue of its Investment Advisory Agreement with each of the plaintiffs, had the duty not to perform any act or omission that constituted willful misconduct, gross negligence, bad faith, a violation of applicable securities laws or criminal wrongdoing. Defendants deny the remaining allegations of paragraph 35 of the Amended Complaint.

**ALLEGATION NO. 36:**

The defendants had complete discretion over the assets that they were managing for the plaintiffs. The plaintiffs compensated the defendants for their services.

**ANSWER:**

Defendants admit that plaintiffs compensated Sample & Cross Management for certain services. Defendants deny the remaining allegations of paragraph 36 of the Amended Complaint.

**ALLEGATION NO. 37:**

As investment advisors handling a discretionary account, Sample and Cross owed fiduciary duties to the plaintiffs.

**ANSWER:**

Defendants deny the allegations of paragraph 37 of the Amended Complaint.

**ALLEGATION NO. 38:**

Defendants were required to exercise reasonable competence and skill when providing financial advisory services on the plaintiffs' behalf.

**ANSWER:**

Defendants deny the allegations of paragraph 38 of the Amended Complaint.

**ALLEGATION NO. 39:**

Sample and Cross breached their duty of care to Jann and Isacson by one or more of the following acts or omissions:

    (a)    failing to place the plaintiffs' assets in a suitable investment in light of their respective ages, retirement status, net worth and risk threshold;

    (b)    failing to properly diversify plaintiffs' assets by causing more than 75% of plaintiffs' respective assets to be invested in the Vega Fund;

    (c)    representing that they had protective trading strategies in place to protect the Vega Fund against upward and downward movements in the stock market;

    (d)    representing that their protective trading strategies would protect against a loss of more than five percent (5%); and

    (e)    failing to implement the protective trading strategies that they claimed were in place.

**ANSWER:**

Defendants deny the allegations of paragraph 39 of the Amended Complaint.

**ALLEGATION NO. 40:**

Sample and Cross' conduct breached the applicable standard of care.

**ANSWER:**

Defendants deny the allegations of paragraph 40 of the Amended Complaint.

**ALLEGATION NO. 41:**

Jann and Isacson incurred losses in reliance on the defendants' financial advice. The plaintiffs would not have incurred such losses had the defendants not breached the standard of care.

- 11 -

**ANSWER:**

Defendants deny the allegations of paragraph 41 of the Amended Complaint.

**ALLEGATION NO. 42:**

The defendants' breach of their duty of care was a proximate cause of the plaintiffs' respective damages.

**ANSWER:**

Defendants deny the allegations of paragraph 42 of the Amended Complaint.

**ALLEGATION NO. 43:**

Earl Jann has suffered actual damages as a result of the defendants' breach of their duty of care in an amount well in excess of one million eight hundred thousand dollars ($1,800,000.00).

**ANSWER:**

Defendants deny the allegations of paragraph 43 of the Amended Complaint.

**ALLEGATION NO. 44:**

Carol Isacson has suffered actual damages as a result of the defendants' breach of their duty of care in an amount in excess of eighty-three thousand dollars ($83,000.00).

**ANSWER:**

Defendants deny the allegations of paragraph 44 of the Amended Complaint.

**Count II – Negligent Misrepresentation**
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

**ALLEGATION NO. 45:**

Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1-33 as if fully re-stated herein.

**ANSWER:**

Defendants incorporate by reference, as if each was set forth in full, their responses to

paragraphs 1-33 of the Amended Complaint.

- 12 -

**ALLEGATION NO. 46:**

Defendants had a duty to communicate accurate information to the plaintiffs. The defendants had a duty to exercise competence, reasonable care, and skill when rendering their services.

**ANSWER:**

Paragraph 46 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations of paragraph 46 of the Amended Complaint.

**ALLEGATION NO. 47:**

Sample and Cross made the following representations to Isacson and Jann between April 2006 and August of 2007:

    (a)    the Vega Fund was a suitable investment for them;

    (b)    the defendants had implemented and were using trading strategies to protect the Vega Fund against upward and downward movements and volatility;

    (c)    the Vega Fund was an appropriate investment for fixed income, risk adverse investors; and

    (d)    their trading strategies would protect the Vega Fund from suffering a loss of greater than five percent (5%) of its value.

**ANSWER:**

Defendants deny the allegations of paragraph 47 of the Amended Complaint.

**ALLEGATION NO. 48:**

All of the aforementioned representations were false.

**ANSWER:**

Defendants deny the allegations of paragraph 48 of the Amended Complaint.

**ALLEGATION NO. 49:**

Sample and Cross made the aforementioned statements with carelessness and/or negligence in ascertaining the truth or falsity of the statements. If the defendants had exercised reasonable care, they would have learned that the statements were false.

**ANSWER:**

Defendants deny the allegations of paragraph 49 of the Amended Complaint.

**ALLEGATION NO. 50:**

The statements were made with the intent to induce the plaintiffs to act.

**ANSWER:**

Defendants deny the allegations of paragraph 50 of the Amended Complaint.

**ALLEGATION NO. 51:**

Jann and Isacson reasonably relied upon the aforementioned statements and allowed the defendants to maintain control and discretion of their assets in reliance on the same.

**ANSWER:**

Defendants deny the allegations of paragraph 51 of the Amended Complaint.

**ALLEGATION NO. 52:**

Jann and Isacson were damaged in excess of $1,900,000 as a direct and proximate result of their reliance.

**ANSWER:**

Defendants deny the allegations of paragraph 52 of the Amended Complaint.

**Count III – Fraud**
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

**ALLEGATION NO. 53:**

Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1-33 as if fully re-stated herein.

**ANSWER:**

Defendants incorporate by reference, as if each was set forth in full, their responses to

paragraphs 1-33 of the Amended Complaint.

CHICAGO/#1792163.1

**ALLEGATION NO. 54:**

After the Vega Fund lost approximately 11.5% of its value in April 2007, Jann met with the defendants to discuss the plaintiffs' continued participation in the Vega Fund. Jann explicitly informed the defendants that neither he nor Isacson could risk their respective nest eggs and could not tolerate the volatility that the Fund had experienced in the prior month.

**ANSWER:**

Defendants admit that the Vega Fund lost approximately 11.5% of its value in April

2007. Defendants further admit that Jann met with them to discuss continued participation in the

Vega Fund. Defendants deny the remaining allegations of paragraph 54 of the Amended

Complaint.

**ALLEGATION NO. 55:**

Defendants Cross and Sample represented to Jann that previously agreed upon trading strategies intended to protect against volatility were in place, and that those protective trading strategies would never be breached again. Cross and Sample represented that the Vega Fund was appropriate for the plaintiffs even after hearing of plaintiffs' concerns regarding the volatility experienced in April 2007.

**ANSWER:**

Defendants deny the allegations of paragraph 55 of the Amended Complaint.

**ALLEGATION NO. 56:**

Each of the aforementioned representations set forth in paragraph 55 were false.

**ANSWER:**

Defendants deny the allegations of paragraph 56 of the Amended Complaint.

**ALLEGATION NO. 57:**

The defendants made the aforementioned statements with reckless disregard of the truth or falsity of said statements.

**ANSWER:**

Defendants deny the allegations of paragraph 57 of the Amended Complaint.

- 15 -

**ALLEGATION NO. 58:**

The statements were made with the intent to induce the plaintiffs to invest with Cross and Sample and to invest in the Vega Fund. Defendants experienced a direct economic benefit by virtue of the plaintiffs' funds being placed and maintained in the Vega Fund.

**ANSWER:**

Defendants admit that Sample & Cross Management was entitled to compensation in exchange for the services it provided in managing the funds invested in the Vega Fund. Defendants deny the remaining allegations of paragraph 58 of the Amended Complaint.

**ALLEGATION NO. 59:**

The plaintiffs reasonably relied upon the aforementioned statements and invested substantial sums of money with the defendants in reliance on the same.

**ANSWER:**

Defendants deny the allegations of paragraph 59 of the Amended Complaint.

**ALLEGATION NO. 60:**

The plaintiffs were damaged in an amount in excess of $1,900,000 as a direct and proximate result of their reliance on the defendants' statements.

**ANSWER:**

Defendants deny the allegations of paragraph 60 of the Amended Complaint.

**Count IV – Violations of the Illinois Consumer Fraud and
Deceptive Business Practices Act, 815 ILCS 505/1, et seq.**
(Earl Jann and Carol Isacson v. Matthew D. Sample and J. David Cross)

**ALLEGATION NO. 61:**

Plaintiffs adopt and incorporate by reference the allegations of paragraphs 1-33, 47, and 54-59 as if fully re-stated herein.

**ANSWER:**

Defendants incorporate by reference, as if each was set forth in full, their responses to paragraphs 1-33, 47 and 54-59 of the Amended Complaint.

CHICAGO/#1792163.1

**ALLEGATION NO. 62:**

Illinois has enacted The Consumer Fraud and Deceptive Business Practices Act, codified at 815 ILCS 505/1 et seq. (the "Consumer Fraud Act"), which, in relevant part, provides:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 (815 ILCS 510/2), in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

**ANSWER:**

Defendants admit that Illinois has enacted the Consumer Fraud Act and that a portion of the Consumer Fraud Act is quoted correctly, but deny that it has any application to the present action.

**ALLEGATION NO. 63:**

Under Section 2 of the Consumer Fraud Act, Sample and Cross committed deceptive acts and practices including the misrepresentation, concealment, suppression and/or omission of material facts as set forth in paragraph 47 and elsewhere in this complaint.

**ANSWER:**

Defendants deny the allegations of paragraph 63 of the Amended Complaint.

**ALLEGATION NO. 64:**

Defendants represented, *inter alia*, that the Vega Fund was a suitable investment for Jann and Isacson and that they had trading strategies in place that would limit the volatility of their respective investments in the Vega Fund. In fact, defendants advised the plaintiffs that the trading strategies would prevent a loss of more than 5%.

**ANSWER:**

Defendants deny the allegations of paragraph 64 of the Amended Complaint.

**ALLEGATION NO. 65:**

Defendants made the subject statements with the intent that the plaintiffs rely on their assertions and invest funds in the Vega Fund.

**ANSWER:**

Defendants deny the allegations of paragraph 65 of the Amended Complaint.

**ALLEGATION NO. 66:**

Had plaintiffs known the falsity of defendants' representations, they would have acted in a different manner in that they would not have invested in the Vega Fund, and/or maintained their investments in the Vega Fund after April 2007.

**ANSWER:**

Defendants deny that any of them made any false representations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 of the Amended Complaint.

**ALLEGATION NO. 67:**

The deception occurred in the course of conduct involving trade or commerce.

**ANSWER:**

Defendants deny the allegations of paragraph 67 of the Amended Complaint.

**ALLEGATION NO. 68:**

Plaintiffs are entitled to statutory attorneys fees and punitive damages under the Act.

**ANSWER:**

Defendants deny the allegations of paragraph 68 of the Amended Complaint.

**ALLEGATION NO. 69:**

As a direct and proximate result of defendants' aforementioned violations of the Consumer Fraud Act, plaintiffs sustained damages in excess of $1,900,000.  Isacson suffered damages in an amount in excess of $83,000 and Jann suffered damages in an amount in excess of $1,800,000.

CHICAGO/#1792163.1

**ANSWER:**

Defendants deny the allegations of paragraph 69 of the Amended Complaint.

### V. Count – Respondeat Superior
(Earl Jann and Carol Isacson v. Sample & Cross Capital Management LLC)

**ALLEGATION NO. 70:**

The allegations of paragraphs 1 through 68 are incorporated as if fully restated herein.

**ANSWER:**

Defendants incorporate by reference, as if each was set forth in full, their responses to paragraphs 1-69 of the Amended Complaint.

**ALLEGATION NO. 71:**

At all relevant times Sample and Cross were officers of Sample & Cross Management.

**ANSWER:**

Defendants admit the allegations of paragraph 71 of the Amended Complaint.

**ALLEGATION NO. 72:**

At all relevant times Sample and Cross were acting on behalf of and in furtherance of the interests of Sample & Cross Management.

**ANSWER:**

Defendants admit the allegations of paragraph 72 of the Amended Complaint.

**ALLEGATION NO. 73:**

Sample & Cross Management received compensation for the financial advisory services that are the subject of this suit.

**ANSWER:**

Defendants admit the allegations of paragraph 73 of the Amended Complaint.

**ALLEGATION NO. 74:**

The provision of financial advisory services created the opportunity for the misconduct of the defendants.

CHICAGO/#1792163.1

**ANSWER:**

Defendants deny the allegations of paragraph 74 of the Amended Complaint.

**ALLEGATION NO. 75:**

Sample & Cross Management is liable for the acts of its officers and principals taken in the scope of their employment.

**ANSWER:**

Defendants deny that any officer and/or principal of Sample & Cross Management committed any acts for which Sample & Cross Management is liable.

**COUNT VI**
**Violation of Illinois Securities Law**
**(Against all defendants)**

**ALLEGATION NO. 76:**

Plaintiffs restate and re-allege paragraphs 1 through 33 and 47 as though fully restated herein.

**ANSWER:**

Defendants incorporate by reference, as if each was set forth in full, their responses to paragraphs 1-33 and 47 of the Amended Complaint.

**ALLEGATION NO. 77:**

Plaintiffs bring this count under the Illinois Securities Law of 1953, 815 ILCS 5/12.

**ANSWER:**

Defendants admit that the Illinois Securities Law of 1953, 815 ILCS 5/12 permits individuals a private right of action but deny that it has any application to the present action.

**ALLEGATION NO. 78:**

In May 2007, defendants advised the plaintiffs that they would employ certain protective trading strategies that would safe guard the plaintiffs against losses of the type that the Vega Fund experienced in April 2007. While the defendants had previously claimed that such trading strategies were in place, in May 2007 they admitted to Earl Jann that they had failed to employ such strategies in April, but claimed that they would not fail to do so again.

- 20 -

**ANSWER:**

Defendants deny the allegations of paragraph 78 of the Amended Complaint.

**ALLEGATION NO. 79:**

Based on the defendants' representations, the plaintiffs maintained their investments in the Vega Fund.

**ANSWER:**

Defendants deny the allegations of paragraph 79 of the Amended Complaint.

**ALLEGATION NO. 80:**

The defendants' representations were false as they misrepresented their trading practices and the risk going forward.

**ANSWER:**

Defendants deny the allegations of paragraph 80 of the Amended Complaint.

**ALLEGATION NO. 81:**

The Vega Fund lost over 75% of its value in August 2007.

**ANSWER:**

Defendants admit the allegations in paragraph 81 of the Amended Complaint.

**ALLEGATION NO. 82:**

The defendants' misrepresentations constitute a device, scheme or artifice to defraud in connection with the sale or purchase of a security.

**ANSWER:**

Defendants deny the allegations of paragraph 82 of the Amended Complaint.

**ALLEGATION NO. 83:**

The defendants continued to control and earn management fees from the plaintiffs' funds by means of their misleading statements of material fact.

**ANSWER:**

Defendants admit that Sample & Cross Management was entitled to compensation in the form of management fees in exchange for the services it provided in managing the funds invested in the Vega Fund. Defendants deny the remaining allegations of paragraph 83 of the Amended Complaint.

**ALLEGATION NO. 84:**

Defendants intended that the plaintiffs rely on the misrepresentations and omissions in or order to induce the plaintiffs to maintain their current investments and to invest more monies in the Vega Fund.

**ANSWER:**

Defendants deny the allegations of paragraph 84 of the Amended Complaint.

**ALLEGATION NO. 85:**

At all relevant times, the defendants acted as the plaintiffs' investment adviser(s) or investment adviser representative(s).

**ANSWER:**

Defendants admit that Sample & Cross Management was in the business of providing investment advisory services. Defendants deny the remaining allegations of paragraph 85 of the Amended Complaint.

**ALLEGATION NO. 86:**

The defendants engaged in an act, practice and/or course of business which was fraudulent or deceptive.

**ANSWER:**

Defendants deny the allegations of paragraph 86 of the Amended Complaint.

**ALLEGATION NO. 87:**

The plaintiffs reasonably and justifiably relied on the defendants' representations. The defendants served as the plaintiffs' investment advisors. Mathew Sample had served as Earl Jann's investment adviser for ten years.

**ANSWER:**

Defendants admit that Sample and Cross provided certain financial services to plaintiffs and that Sample provided such services to Jann first as an employee of Paine Webber and then as an employee of UBS for a period of approximately eight years.  Defendants deny the remaining allegations of paragraph 87 of the Amended Complaint.

**ALLEGATION NO. 88:**

The defendants' conduct was a proximate cause of the plaintiffs' substantial losses.

**ANSWER:**

Defendants deny the allegations of paragraph 88 of the Amended Complaint.

**ALLEGATION NO. 89:**

The defendants are joint and severally liable to the plaintiffs pursuant to 815 ILCS 5/13.

**ANSWER:**

Defendants deny the allegations of paragraph 89 of the Amended Complaint.

**ALLEGATION NO. 90:**

The plaintiffs sent notice to the defendants pursuant to the Illinois Securities Law that they wish to rescind any purchases or investments they made in Vega.

**ANSWER:**

Defendants admit that they received notices of rescission from plaintiffs.  Defendants deny that plaintiffs are entitled to rescind any purchases or investments they made in the Vega Fund.

**First Affirmative Defense**

Plaintiffs fail to state a claim upon which relief can be granted.

CHICAGO/#1792163.1

## Second Affirmative Defense

Each plaintiff's claims are barred by paragraph 7(b) of the Investment Advisory

Agreement entered into by each plaintiff which provides as follows:

> To the fullest extent permitted by applicable law, the Investment Adviser, its members, and any of their respective affiliates, and their respective partners, members, shareholders, officers, directors, employees, agents and advisers shall not be liable to the Client or anyone for any reason whatsoever including but not limited to (i) any act or omission by the Investment Adviser in connection with the conduct of the business of the Client that is determined by the Investment Adviser in good faith to be in or not opposed to the best interest of the Client, (ii) any act or omission by the Investment Adviser on behalf of the Client or in connection with its business based on the suggestion of any professional adviser of the Client whom the Investment Adviser believes is authorized to make such suggestions on behalf of the Client, or (iii) any act or omission by the Client, unless any act or omission by the Investment Adviser constitutes willful misconduct, gross negligence, bad faith, a violation of applicable securities laws or criminal wrongdoing by the Investment Advisor.

The Vega Opportunity Fund LLC Operating Agreement also provides in pertinent part:

> 5.04    Liability of the Manager, Indemnification.  The Manger and every other person, agent employee, business entity known or unknown, in their respective capacities, and their employees, predecessors, successors and assigns, both as individuals and as corporations and in all other capacities, as well as their executors, administrators, successors and assigns shall not be liable, responsible or accountable in damages or otherwise to the Members upon any of the Members for any act or omission performed or omitted by it in good faith on behalf of the Company and in a manner reasonably believed by it to be within the scope of the authority granted to it by the Agreement, except when such action or failure to act constitutes willful misconduct or gross negligence.

Each of the defendants acted in good faith.  None of the defendants' actions alleged in the

Amended Complaint constitutes willful misconduct, gross negligence, bad faith, a violation of

applicable securities laws or criminal wrongdoing, or any other violation of either of these

Agreements.

- 24 -

### Third Affirmative Defense

Counts II (Fraud) and III (Negligent Misrepresentation) do not state a claim because each fails to allege with particularity the circumstances constituting the alleged fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

To the extent that plaintiffs assert liability against Sample, Cross or Sample & Cross Management results from negligence or gross negligence, which negligence and gross negligence is expressly denied, plaintiffs' claims are barred, in whole or in part, by their own contributory or comparative negligence.

### Fifth Affirmative Defense

Prior to investing in the Vega Opportunity Fund LLC each plaintiff represented the following in writing in a signed Subscription Agreement:

> 4.     I recognize that investment in VEGA involves certain risks and I have taken full cognizance of and understand all of the risk factors related to the purchase of a Interest, including, without limitation, those set forth under the caption "Risk Factors" in the Memorandum.  I am able to bear the economic risk of my investment in VEGA.

In light of the extensive risk disclosures made in the Vega Opportunity Fund LLC's Confidential Offering Memorandum, and other relevant documents, each plaintiff assumed the risk of any loss in connection with his and her respective investments in said Fund.

### Sixth Affirmative Defense

Each plaintiff's claims are barred, in whole or in part, by each plaintiff's ratification of the acts complained of.

CHICAGO/#1792163.1

### Seventh Affirmative Defense

Each plaintiff's claims are barred, in whole or in part, because each plaintiff failed to mitigate his or her damages.

Respectfully submitted,

Sample & Cross Capital Management LLC


By:  s/ David E. Bennett
                        One of Its Attorneys

David E. Bennett, Esq.
Rebecca L. Ptaszynski, Esq.
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated: June 12, 2008

CHICAGO/#1792163.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that he caused copies of the foregoing **Defendants' Answer To Amended Complaint** to be served upon:

> Mitchell B. Katten
> Joshua R. Diller
> O'Rourke Katten & Moody
> 161 North Clark Street
> Suite 2230
> Chicago, IL  60601

by electronic means on June 12, 2008.

s/ David E. Bennett
David E. Bennett
