IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. EARL JANN AND CAROL ISACSON, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW D. SAMPLE, J. DAVID CROSS, and SAMPLE & CROSS CAPITAL MANAGEMENT, LLC, <br><br> Defendants. | No. 07C 6595 <br><br> Judge Ronald Guzman |

## MOTION TO COMPEL

Defendants Matthew D. Sample ("Sample"), J. David Cross ("Cross"), and Sample & Cross Capital Management, LLC ("Sample & Cross Management") (collectively "Defendants"), by their attorneys hereby move to compel plaintiffs Earl Jann and Carol Isacson to supplement and complete, in accordance with Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, their responses to Document Request 14 of Defendants' First Request for Production of Documents. In support of their motion, defendants state as follows:

### Background

1.  Defendants served their First Request for Production of Documents in this case on February 13, 2008. A copy of these Request is attached to the Memorandum in Support of this Motion to Compel ("Memorandum") as Exhibit A.

2.  Plaintiffs filed Plaintiffs' Response to Defendants' First Request for Production on March 24, 2008. A copy of this Response is attached as Exhibit B to the Memorandum. Plaintiffs refused to produce the request sought in Request 14, plaintiffs' federal and state income tax returns from 1998 to the present, objecting only that the Request was "overly broad, unduly burdensome and not calculated to lead to admissible evidence."

3.      During the period April 7, 2008 through July 25, 2008, defendants sent several written communications, had one face to face, and at least one additional telephone conference to attempt to resolve the objections to production, but plaintiffs steadfastly have refused to produce the tax returns claiming that they are not relevant or likely to lead to relevant evidence. The details of these consultations are contained in Defendants' Memorandum in Support of this Motion to Compel filed herewith.

4.      **Statement of Compliance with Local Rule 37.2.** On various occasions as described herein, after consultation in person, by telephone and in writing, defendants and their counsel have made good-faith attempts to resolve their differences with Jann without court action, but the parties have been unable to reach an accord. Counsel's attempts to engage in such consultations were unsuccessful due to no fault of counsel. The names of the persons participating in such consultations are David E. Bennett and Rebecca L. Ptaszynski for defendants and Mitchell B. Katten and Nancy Temple for plaintiffs.

5.      Plaintiffs' income tax returns are extremely relevant to a key issue in this action that asserts, *inter alia*, claims for common law fraud and fraud under the Illinois Securities Act 815 ILCS 5/1 et seq (2008) in connection with plaintiffs' investments in the Vega Fund, a hedge fund managed by defendant Sample & Cross Management. Plaintiffs' assert that defendants made oral material misrepresentations that "guaranteed" that plaintiffs could not lose more than 5% of their investment in the Vega Fund that traded exclusively in index options. Plaintiffs must prove that they reasonably relied on the alleged oral representations in making their investments, notwithstanding extensive written disclosures provided to plaintiffs prior to their investments concerning the substantial risks of investing in the Fund that invested in index options. The income tax returns are extremely probative on the issue of reasonable reliance because they will

3

contain summaries of plaintiffs' past activities in securities trading and other financial information that will demonstrate plaintiffs' sophistication as investors. Their sophistication as investors is a key fact relating to the issue of whether their reliance was reasonable. *Fisher v. Samuels*, No. 84 C 3385, 1986 WL 12330 (N.D. Ill. Oct. 24, 1986). See discussion in Memorandum.

      6.      Defendants also move that this Court award its reasonable costs, including attorneys' fees, pursuant to Rule 37(A)(5) of the Federal Rules of Civil Procedure because of plaintiffs' unjustified refusal to produce these documents.

WHEREFORE, for all these reasons, and the reasons set forth in Defendants' Memorandum in Support of Motion to Compel filed herewith, defendants respectfully request that the Court:

    (1)    grant their Motion to Compel and direct that plaintiffs produce their federal and state income tax returns from 1998 to the present within seven (7) days from the date of its order;

    (2)    award defendants their reasonable costs and attorneys' fees for bringing this motion; and

    (3)    award such other relief as this Court deems just.

CHICAGO/#1813938.3

                                                Respectfully submitted,

                                                MATTHEW D. SAMPLE, J. DAVID CROSS
AND SAMPLE & CROSS CAPITAL
MANAGEMENT, LLC


                                      By:  s/ David E. Bennett
                                                       One of Their Attorneys

David E. Bennett, Esq.
Rebecca L. Ptaszynski, Esq.
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated:  August 4, 2008