# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. EARL JANN and CAROL ISACSON,

        Plaintiffs,

v.

MATTHEW D. SAMPLE, J. DAVID
CROSS, and SAMPLE & CROSS CAPITAL
MANAGEMENT, LLC,

        Defendants.

No. 07-CV-6595

Judge Ronald Guzman

Magistrate Judge Nolan

### DEFENDANTS MATTHEW D. SAMPLE, J. DAVID CROSS AND SAMPLE & CROSS CAPITAL MANAGEMENT, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Matthew D. Sample ("Sample"), J. David Cross ("Cross") and Sample & Cross Capital Management, LLC ("Sample & Cross Management") (collectively, "Defendants"), by their attorneys, Vedder Price P.C., and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, serve this request for production of documents upon Plaintiffs and ask that the requested documents be produced for inspection and copying within thirty (30) days from the date of service, in accordance with the following instructions.

### INSTRUCTIONS

1.      All documents requested are to be produced if they are in the custody, possession or control of, or are available or accessible to, Plaintiffs or counsel to Plaintiffs.

2.      This request shall be deemed to include any and all nonprivileged relevant documents in the possession, custody or control of either Plaintiff, or his or her accountants, attorneys, employees or other agents.


EXHIBIT
A

3.      If either Plaintiff claims that any of the documents requested below or any part of any such document is privileged, or if either Plaintiff otherwise withholds or redacts any requested document or any part thereof, then, with respect to each such document or part thereof, prepare a privilege log that specifically identifies and describes the document, identifies each person who sent or received a copy, and describes in detail the basis for your claim of privilege.

4.      To the extent a response calls for information that cannot now be precisely and completely furnished, such information as can be furnished should be included in the response together with a statement that the further information cannot be furnished and a statement describing with specificity the reasons therefor.  If the information that cannot now be furnished is believed to be available from another person, identify the person as well as describing and explaining with specificity the reasons for believing that the person has the described or requested information.

5.      The requests herein shall be construed to include any supplemental documents responsive to these requests that are later discovered and that are required to be produced pursuant to Rule 34 of the Federal Rules of Civil Procedure governing pretrial discovery.

## DEFINITIONS

As used in this request, each of the following terms shall have the meaning provided in this section.

6.      The word "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34 of the Federal Rules of Civil Procedure.  "Document" includes any writing, draft, drawing, graphs, chart, photograph, sound recording, and other data compilations from which information can be obtained or translated, if necessary, by Plaintiffs

through detection devices into reasonably usable form, in the custody, possession or control of Plaintiffs or their counsel or any other agent or person acting on Plaintiffs' behalf. If a document has been prepared in several copies, or additional copies are made, and the copies are not identical (or, by reason of subsequent modification of a copy or by the addition of notations, are no longer identical), each nonidentical copy is a separate "document."

7.    The term "Plaintiff" and "Plaintiffs" shall mean Dr. Earl Jann and Carol Isacson, and all agents, consultants and attorneys of Dr. Earl Jann and Carol Isacson.

8.    The term "Defendants" shall mean Matthew D. Sample, J. David Cross and Sample & Cross Capital Management, LLC.

9.    The terms "you" and "your" shall refer to Plaintiffs and any and all persons purporting to act on their behalf.

10.    The term "person" or "people" shall mean an individual, firm, partnership, corporation, proprietorship, join venture, association or any other organization or entity.

11.    The word "correspondence" means any letter, facsimile, e-mail or any other form of written communication.

12.    The term "communication" shall mean any transmittal of information, whether an original, a draft or a copy, whether stored in hard copy, electronically or digitally, either orally or in writing, including correspondence, electronic mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes or memoranda relating to written or oral communications, and any translation thereof.

13.    The term "investment" shall mean the outlay or commitment of any money with the expectation or anticipation of a financial return, benefit or advantage.

CHICAGO/#1744524.1

14.    The term "concerning" means reflecting, relating to, referring to, describing, evidencing or constituting.

15.    The terms "all" and "each" shall be construed as all and each.

16.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

17.    The use of the singular form of any word includes the plural, and vice versa.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Any and all documents relating or referring to any securities account, including but not limited to any UBS and/or Paine Webber accounts, maintained by each Plaintiff in the last 10 years, including but not limited to:

(a)    investment advisory agreements and disclosures;

(b)    monthly account statements;

(c)    correspondence;

(d)    options forms; and

(e)    summaries of your trades.

**RESPONSE:**


**REQUEST NO. 2:**

Any and all documents created, considered, collected, reviewed, obtained or otherwise received by either Plaintiff in connection with any decision to invest in the Vega Fund.

**RESPONSE:**

**REQUEST NO. 3:**

Any and all documents relating or referring to any agreement between each Plaintiff and any Defendant.

**RESPONSE:**


**REQUEST NO. 4:**

Any and all documents relating or referring to communications between either Plaintiff and any Defendants regarding the Vega Fund.

**RESPONSE:**


**REQUEST NO. 5:**

Any and all documents relating or referring to communications between either Plaintiff and third parties regarding the Vega Fund.

**RESPONSE:**


**REQUEST NO. 6:**

Any and all documents relating or referring to any SEC complaint and/or lawsuit filed against either Plaintiff in the last 10 years.

**RESPONSE:**


**REQUEST NO. 7:**

Any and all documents supporting or serving as a basis for the allegations in the Complaint that any statements or representations by any of the Defendants were false or misleading.

**RESPONSE:**

CHICAGO/#1744524.1

**REQUEST NO. 8:**

Any and all documents collected, obtained or otherwise received in connection with any investigation by Plaintiffs or Plaintiffs' counsel concerning any allegation of the Complaint.

**RESPONSE:**


**REQUEST NO. 9:**

Any and all documents relating or referring to each meeting Plaintiffs had with Defendants regarding the Vega Fund.

**RESPONSE:**


**REQUEST NO. 10:**

Any and all documents relating or referring to telephone conversations between Plaintiffs and Defendants regarding the Vega Fund.

**RESPONSE:**


**REQUEST NO. 11:**

Any and all documents, including statements of witnesses, sufficient to identify the names and addresses of any witnesses who provided the basis for the allegations in the Complaint.

**RESPONSE:**


**REQUEST NO. 12:**

Any and all documents on which Plaintiffs expect to rely at trial.

**RESPONSE:**

**REQUEST NO. 13:**

Any and all account confirmations, statements or other documents sufficient to show investments made by Plaintiffs from January 1, 1998 to the present.

**RESPONSE:**


**REQUEST NO. 14:**

Each Plaintiff's federal and state income tax returns for the years commencing January 1, 1998 to date.

**RESPONSE:**


**REQUEST NO. 15:**

All personal financial statements of each Plaintiff prepared since January 1, 1998. If Plaintiffs have no such statements, any and all documents sufficient to show (a) those assets that Plaintiffs have owned during the last 10 years, (b) any liabilities that Plaintiffs have owned and (c) Plaintiffs' respective net worth.

**RESPONSE:**


**REQUEST NO. 16:**

Any and all documents concerning each Plaintiff's alleged damages claimed in this action.

**RESPONSE:**

CHICAGO/#1744524.1

**REQUEST NO. 17:**

     Any and all documents identified, used and/or relied upon in answering Defendants' First Set of Interrogatories.

**RESPONSE:**


Dated: February 13, 2008

                                      Respectfully submitted,

                                      MATTHEW D. SAMPLE, J. DAVID CROSS, and SAMPLE & CROSS CAPITAL MANAGEMENT, LLC

                                      By: _____

                                           One of Their Attorneys

Of Counsel:
David E. Bennett
Amy E. Halbrook
Rebecca L. Ptaszynski
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Defendants Matthew D. Sample, J. David Cross and Sample & Cross Capital Management, LLC's First Request for Production of Documents** were served upon:

> Mitchell B. Katten
> Joshua R. Diller
> O'Rourke Katten & Moody
> 161 North Clark Street
> Suite 2230
> Chicago, IL 60601

by electronic means and by depositing the same in the U.S. mail, first-class postage prepaid, at

222 North LaSalle Street, Chicago, Illinois 60601-1003 by 5:00 p.m. on February 13, 2008.

9

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DR. EARL JANN AND CAROL ISACSON    )
    )
        Plaintiffs,    )
    )
v.    )    No. 07-CV-6595
    )
MATTHEW D. SAMPLE, J. DAVID    )    Honorable Ronald Guzman
CROSS, and SAMPLE & CROSS CAPITAL    )
MANAGEMENT, LLC,    )
    )
        Defendants.    )

### PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST
### REQUEST FOR PRODUCTION

Plaintiff Earl Jann and Carol Isacson, their attorneys, O'Rourke Katten & Moody

propound the following objections and answers to the Defendants' First Request for Production

of Documents.

**GENERAL OBJECTIONS.**  Plaintiffs object to the extent that any of these requests
violates the attorney client and/or work product privileges.

**REQUEST NO.1:**  Any and all documents relating or referring to any securities account,
including but not limited to any UBS and/or Paine Webber accounts, maintained by each Plaintiff
in the last 10 years, including but not limited to:

> (a) investment advisory agreements and disclosures;
> (b) monthly account statements;
> © correspondence;
> (d) options forms; and
> (e) summaries of your trades.

**RESPONSE:** Plaintiffs object that this request is overly broad, unduly burdensome and
not reasonably calculated to lead to admissible evidence. Without waiving any objection,
plaintiffs are investigating whether responsive documents exist and will make documents
available for copying and inspection concerning their respective accounts.

1



**REQUEST NO.2:** Any and all documents created, considered, collected, reviewed, obtained or otherwise received by either Plaintiff in connection with any decision to invest in the Vega Fund.

**RESPONSE:** Plaintiff's object that this request is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving any objection, plaintiffs are investigating whether they have responsive documents apart from documents previously produced.

**REQUEST NO.3:** Any and all documents relating or referring to any agreement between each Plaintiff and any Defendant.

**RESPONSE:** Plaintiff's object that this request is overly broad, vague, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving any objection, plaintiff are investigating whether responsive documents exist apart from documents previously produced.

**REQUEST NO. 4:** Any and all documents relating or referring to communications between either Plaintiff and any Defendant regarding the Vega Fund.

**RESPONSE:** Plaintiffs are investigating whether they have responsive documents apart from documents previously produced.

**REQUEST NO.5:** Any and all documents relating or referring to communications between either Plaintiff and third parties regarding the Vega Fund.

**RESPONSE:** Plaintiffs object that this request is overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and violates the attorney client privilege. Without waiving any objection, plaintiff are investigating whether they have responsive non-privileged documents apart from documents previously produced.

**REQUEST NO.6:** Any and all documents relating or referring to any SEC complaint and/or lawsuit filed against either Plaintiff in the last 10 years.

**RESPONSE:** Plaintiffs object that this request is overly broad, not reasonably calculated to lead to admissible evidence and to the extent that it would violate the attorney client privilege.

**REQUEST NO.7:** Any and all documents supporting or serving as a basis for the allegations in the Complaint that any statements or representations by any of the Defendants were false or misleading.

**RESPONSE:** Plaintiffs are investigating whether they have responsive documents.

2

**REQUEST NO. 8:** Any and all documents collected, obtained or otherwise received in connection with any investigation by Plaintiffs or Plaintiffs' counsel concerning any allegation of the Complaint.

**RESPONSE:** Plaintiff's object to the extent that this request would violate the attorney-client privilege and/or work product privileges. Without waiving any objection, plaintiffs are investigating whether non-privileged responsive documents exist.

**REQUEST NO.9:** Any and all documents relating or referring to each meeting Plaintiffs had with Defendants regarding the Vega Fund.

**RESPONSE:** Plaintiffs are investigating whether they have responsive documents.

**REQUEST NO. 10:** Any and all documents relating or referring to telephone conversations between Plaintiffs and Defendants regarding the Vega Fund.

**RESPONSE:** Plaintiffs are investigating whether they have responsive documents

**REQUEST NO. 11:** Any and all documents, including statements of witnesses, sufficient to identify the names and addresses of any witnesses who provided the basis for the allegations in the Complaint.

**RESPONSE:** Plaintiff's object to the extent that this request would violate the attorney-client privilege and/or work product privileges. Without waiving any objection, plaintiffs are investigating whether they have responsive documents

**REQUEST NO. 12:** Any and all documents on which Plaintiffs expect to rely at trial.

**RESPONSE:** Plaintiff's object to the extent that this request would violate the attorney-client privilege and/or work product privileges. Without waiving any objection, plaintiffs have not yet determined what documents they will rely on at trial and will identify the same in connection with the final pre-trial order.

**REQUEST NO. 13:** Any and all account confirmations, statements or other documents sufficient to show investments made by Plaintiffs from January 1, 1998 to the present.

**RESPONSE:** Plaintiffs object that this request is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving any objection, plaintiff are investigating whether responsive documents exist.

**REQUEST NO. 14:** Each Plaintiff's federal and state income tax returns for the years commencing January 1, 1998 to date.

**RESPONSE:** Plaintiffs object that this request is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 15:** All personal financial statements of each Plaintiff prepared since January 1, 1998. If Plaintiffs have no such statements, any and all documents sufficient to show (a) those assets that Plaintiffs have owned during the last 10 years, (b) any liabilities that Plaintiffs have owned and © Plaintiffs' respective net worth.

**RESPONSE:** Plaintiffs object that this request is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving any objection, plaintiff are investigating whether they have responsive documents for the last 3 years.

**REQUEST NO. 16:** Any and all documents concerning each Plaintiff's alleged damages claimed in this action.

**RESPONSE:** Plaintiffs will make responsive documents available for copying and inspection.

**REQUEST NO. 17:** Any and all documents identified, used and/or relied upon in answering Defendants' First Set of Interrogatories.

**RESPONSE:** Plaintiffs will make responsive documents available for copying and inspection.

CAROL ISACSON AND EARL JANN

Objections by: _____
One of their Attorneys

Mitchell B. Katten
Joshua R. Diller
O'Rourke Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
(312) 849-2020

4

## CERTIFICATE OF SERVICE

On March 24, 2008, I caused a copy of the **Plaintiffs' Responses to the Defendants Interrogatories** and **Request for Documents** to be served on the below named counsel for the defendants by US Mail from 161 North Clark, Chicago, IL with proper postage attached addressed to:

David E. Bennett, Esq.
Matthew P. Larvick, Esq.
Rebecca L. Ptaszynski, Esq.
Amy Halbrook, Esq.
Vedder Price P.C.
222 N. LaSalle
Chicago, IL 60601


_____
One of Plaintiffs' attorneys

Mitchell B. Katten
Joshua R. Diller
O'Rourke Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601
Tel:    (312) 849-2020
Fax:    (312) 849-2021
mkatten@okmlaw.com

# EXHIBIT C

# VEDDERPRICE

REBECCA L. PTASZYNSKI
312-609-7923
rptaszynski@vedderprice.com

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

April 7, 2008

**VIA E–MAIL AND U.S. MAIL**

Mitchell B. Katten
Katten & Temple LLP
542 South Dearborn, Suite 1210
Chicago, IL 60605

    Re:    **Dr. Earl Jann and Carol Isacson v. Sample & Cross Capital Management LLC, Matthew D. Sample and J. David Cross**

Dear Mr. Katten:

    We are in receipt of Dr. Earl Jann ("Jann") and Carol Isacson's discovery responses. I am writing to inform you, however, that we find you to be deficient in your production.

    We requested several documents that have not yet been produced, including, but not limited to, summaries of trades made by both Jann and Isacson over the last 10 years, communications between either Jann or Isacson and Matthew Sample or J. David Cross regarding the Vega Fund, account statements, trading records, agreements and disclosures received by either Jann or Isacson in relation to any UBS, Paine Webber or other securities accounts maintained by them. We find it highly unlikely that neither Jann nor Isacson have these documents in their possession. To date, we have only received the Vega Opportunity Fund monthly account statements for Jann and Isacson and scant documentation of e-mail correspondence between Jann and Matthew Sample. Please produce any and all responsive documents as soon as practicable. Additionally, you failed to provide the business address information for the various financial advisors listed in your answer to Interrogatory Number 3. Please provide us with this information as well.

    Additionally, the June dates you proposed for depositions will not work. Mr. Bennett has an arbitration in mid-June in New York City and will be out of the office for most of the month. We would like to expedite discovery in this case as much as possible, as this case involves very serious and unfounded allegations against our clients. We would like to take the depositions of both Jann and Isacson as soon as possible. We propose to take the deposition of Dr. Earl Jann on Monday, April 28, 2008 and the deposition of Carol Isacson on Tuesday, April 29, 2008 here in Chicago. Enclosed, please find our Notice of Deposition reflecting those dates. We also propose

CHICAGO/#1769857.1



VEDDER PRICE

Mitchell B. Katten
April 7, 2008
Page 2

that you take Matthew Sample's deposition on Wednesday, April 30, 2008 as he is moving out of state shortly thereafter.

Please let me know if you are amenable to this discovery schedule. If you have any questions or concerns regarding the above, please do not hesitate to contact me.

Very truly yours,

Rebecca L. Ptaszynski

EXHIBIT D

# VEDDERPRICE

REBECCA L. PTASZYNSKI
312-609-7923
rptaszynski@vedderprice.com

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

April 28, 2008

<u>**VIA EMAIL & U.S. MAIL**</u>

Mitchell B. Katten
Katten & Temple LLP
542 South Dearborn Street, Suite 1310
Chicago, IL 60605

      Re:    Jann v. Sample & Cross Capital Management LLC
              <u>Case No: 07 CV 6595</u>

Dear Mr. Katten:

      I am writing in regard to Dr. Jann's and Carol Isacson's responses to Sample & Cross Capital Management LLC's ("Sample & Cross") Request for Production of Documents. We feel that there are certain deficiencies in their production.

      For our initial Requests, we sought each Plaintiff's federal and state income tax returns for the years commencing January 1, 1998 to date. You objected to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. We disagree and feel that both Dr. Jann's and Ms. Isacson's federal income tax returns are relevant to this case. As such, we are renewing our request as follows:

      **Request No. 14:** Each Plaintiff's federal income tax return for each year in which Paine Webber, UBS and/or Sample & Cross provided Plaintiffs investment services of any kind.

      Additionally, in many of their responses, Plaintiffs indicated that they are investigating whether any responsive documents exist. You previously informed me that Dr. Jann has certain documents in his possession in Phoenix, Arizona. We ask that the originals or copies of these documents be made available to us at our offices within 14 days of receipt of this letter. Should your client require more time to have copies of the documents made, please let me know when we can expect the production.

      Also, enclosed please find Sample & Cross's Supplemental Request for Production of Documents. Additionally, please be sure to bates label any documents you produce to us in the future as it makes it easier to keep track of the production for administrative purposes.

CHICAGO/#1781241.1



VEDDER PRICE

Mitchell P. Horman
April 28, 2008
Page 2


    Please feel free to contact me if you have any questions or concerns regarding the **above**.


Very truly yours,

Rebecca L. Ptaszynski


Encl.
cc:   David H. Bennett, Esq.
      Matthew J. Larvick, Esq.

# EXHIBIT E

# VEDDERPRICE

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

REBECCA L. PTASZYNSKI
312-609-7923
rptaszynski@vedderprice.com

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

June 13, 2008

**VIA EMAIL AND U.S. MAIL**

Mitchell B. Katten
Katten & Temple LLP
542 South Dearborn Street, Suite 1310
Chicago, IL 60605

Re:   Jann v. Sample & Cross Capital Management LLC
        Case No: 07 CV 6595

Dear Mr. Katten:

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, I am writing to request a formal discovery conference between the parties to discuss Defendants' request for the tax returns of both Earl Jann and Carol Isacson.

In Defendants' First Request for Production of Documents, dated February 13, 2008, the following was requested:

> **Request No. 14:** Each Plaintiff's federal and state income tax returns for the years commencing January 1, 1998 to date.

In our initial meeting on May 7, 2008, the issue of producing Plaintiffs' tax returns was discussed but, we feel, never resolved. It is our understanding that Plaintiffs are refusing to produce the tax returns. It is our position, however, that both Earl Jann's and Carol Isacson's tax returns are relevant to the underlying issues in this case and will provide summaries of the trading experience and financial sophistication of both Earl Jann and Carol Isacson.

Please let me know some dates that you are available to meet and confer regarding this issue.

CHICAGO/#1803143.1



EXHIBIT

E

VEDDERPRICE

Mitchell B. Katten
June 13, 2008
Page 2

Please feel free to contact me if you have any questions or concerns regarding the above.

Very truly yours,

/Rebecca L. Ptaszynski

cc:    David E. Bennett, Esq.
       Matthew P. Larvick, Esq.

CHICAGO/#1803143.1

# EXHIBIT F

From:      "REBECCA PTASZYNSKI" <rptaszynski@vedderprice.com>
To:        mkatten@kattentemplelaw.com
Date:      7/25/2008 3:00:48 PM
Subject:   Jann v. SCCM

Mitch,

Attached please find our discovery responses to Carol Isacson's second set of interrogatories and
production requests.  We will forward you on the signed verifications from our clients next week.

Also, the tax returns case is Fisher v. Samuels, 1986 WL 12330 (N.D. Ill. Oct. 24, 1986).

Best regards,

Becky


Rebecca Lynn Ptaszynski
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601
(312) 609-7923
rptaszynski@vedderprice.com



CC:        D_BENNETT@vedderprice.com



EXHIBIT

7